USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/28/15

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
VICTOR ROMERO, et al.,              :
                 Plaintiffs,        :    15 Civ. 950 (HBP)
     -against-                      :    OPINION
                                         AND ORDER
SAN MARTIN RESTAURANT INC.,         :
et al.,
                                    :
                 Defendants.
                                    :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

This matter is before me on the parties' joint application to approve the settlement reached in this matter. The parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

This is an action by three plaintiffs for allegedly unpaid wages, overtime and spread-of-hours pay brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the New York Labor Law. Plaintiffs also seek statutory damages based on defendants' alleged failure to provide certain notices that are required under the Labor Law. Plaintiffs were formerly employed as waiters in defendants' midtown Manhattan restaurant. Defendants claim that plaintiffs were paid all the amounts they

were due and that defendants' actions fully complied with federal and state law.

There are a number of hotly contested factual issues in the case. As waiters, plaintiffs worked lunch and dinner shifts. Plaintiffs claim that these shifts were five and eight hours long, respectively. Defendants claim that the shifts were 4 1/2 and 6 1/2 hours long, respectively. Thus, on days when a waiter worked both shifts, plaintiffs claim the waiter worked 13 hours while defendants claim the waiter worked 11 hours. When multi-plied by the number of days and weeks that plaintiffs worked for defendants, this factual dispute has a substantial impact on the size of plaintiffs' claims.

The parties also dispute whether defendants imposed on plaintiffs a weekly charge of $75, purportedly to cover taxes. Plaintiffs claim that such a charge was unlawfully imposed on them and that they are entitled to recover this unlawful deduction from their wages. Defendants deny that any such charge was imposed on them.

If plaintiff prevail on all of their claims, their unpaid wages, exclusive of liquidated damages, would total approximately $138,000. If defendants prevailed on just their stronger defenses, they claim that plaintiffs damages would total less than $50,000.00. The gross settlement amount is

2

$150,000.00[1] and the parties' settlement provides that this amount will be allocated as follows: (1) counsels' out of pocket costs will be deducted; (2) one-third of the remainder of will be paid to plaintiffs' counsel as their fee and (3) the remainder, will be distributed among the plaintiffs in proportion to the size of their respective claims. The foregoing settlement was reached after a lengthy settlement conference that I conducted on September 24, 2015 and that was attended by counsel, one of the plaintiffs and the individual defendant who is also a principal of the corporate defendant.

> Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir.1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." Beckman v.

---

[1] The parties agreed that this sum will be paid in installments as follows: (1) $60,000 will be paid upon the execution of the settlement agreement and (2) $90,000 will be paid in equal monthly installments thereafter over a period of 42 months. Unpaid installments will be secured by a confession of judgment.

3

Keybank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-54 (11th Cir.1982).

I conclude that the settlement reached by the parties is fair and reasonable. Plaintiffs have no written records of the hours that they worked or the purported $75 weekly deduction. Although plaintiffs' recollections of their hours is sufficient to prove the hours that they worked and the wages they received, Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946), superseded by statute, Portal-to-Portal Act of 1947, 29 U.S.C. § 216(b) (2006), as recognized in Gorman v. Consol. Edison Corp., 488 F.3d 586, 590 (2d Cir. 2007), their recollections are not binding on the fact finder. Given plaintiffs' interest in the outcome of this matter, it is probable that the fact finder would apply some discount factor to their claimed hours. If the fact finder credited entirely plaintiffs' version of the facts, the settlement provides plaintiffs with approximately 72.5 % of their claimed unpaid wages. If defendants were to prevail on only their strongest defenses and were to lose on their weaker ones, the settlement the settlement provides plaintiffs with approximately twice their recoverable damages.

In addition, although the settlement does not award plaintiffs all of the liquidated damages to which they may be

4

entitled, given the risks of litigation, the settlement is, nevertheless reasonable. As noted above, the settlement provides, with certainty, that plaintiffs will receive, at least, 72.5 % all of the unpaid wages they claim. If only defendants' strongest defenses are given credence, plaintiff will recover approximately 200 % of their damages. Given the sharp divisions in the parties' versions of events, the fact that all trial witnesses would have an interest in the outcome and the limited documentary evidence available, this range of recovery is reasonable.

The fact that the matter is being resolved by way of settlement also eliminates the burden and uncertainty of collection proceedings.

Finally, at the settlement conference, counsel for both sides demonstrated a mastery of the evidence and pertinent legal principles; counsel for both sides also represented their respective clients zealously.

Given the conflicting evidence, the quality of the evidence and counsel and the allocation of the burden of proof on plaintiffs, the settlement represents a reasonable compromise with respect to contested issues. I, therefore, approve it.

5

Reyes v. Altamarea Group, LLC, 10 Civ. 6451 (RLE), 2011 WL 4599822 at *6 (S.D.N.Y. Aug. 16, 2011) (Ellis, M.J.)

Dated:  New York, New York
        September 28, 2015

                SO ORDERED

                HENRY PITMAN
                United States Magistrate Judge

Copies transmitted to:

All Counsel